**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELVIS A. JACQUES, | : | Civil No. 09-2300 (RBK) |
| Plaintiff, | : | |
| v. | : | **O P I N I O N** |
| CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS, | : | |
| Defendant. | : | |

**APPEARANCES:**

　　Elvis A. Jacques, *Pro Se*
　　Camden County Jail
　　#197540
　　P.O. Box 90431
　　Camden, NJ 08101

**KUGLER, District Judge**

　　Plaintiff, Elvis A. Jacques, currently confined at the Camden County Jail, Camden, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based upon Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

　　At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that Plaintiff's complaint will be dismissed, without prejudice.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. His complaint refers to a series of attachments, including grievance forms and a narrative accounting of events.  Plaintiff states that on November 9, 2008, the Camden County Correctional Facility ("CCCF") was locked down.  During the lockdown, tensions arose between inmates and officers, and the K-9 unit was called to enter the tier.  Plaintiff alleges facts indicating that he was attacked by the Emergency Response Team and various officers, resulting in serious injuries.  Plaintiff further alleges facts that he has not received adequate medical care for those injuries.

Plaintiff seeks to sue the Camden County Freeholders for monetary relief.  The last page of Plaintiff's complaint states: "Dear Clerk, I'm sending this note to ask could you please amend my complaint with the correct officer name."  The note is signed by Plaintiff.

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and

Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

4

**B.    Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    Plaintiff's Complaint Will Be Dismissed, Without Prejudice.**

Plaintiff's complaint asserts an excessive force claim, and a medical care claim.  However, Plaintiff does not name proper defendants to this action.  Plaintiff seeks to sue the Camden County Freeholders, presumably as the supervisors of custody. Plaintiff writes that the freeholders are "responsible for rules

5

and regulations that allowed me to be attacked in such a manner." (Complt., ¶ 4(b)).  Nonetheless, it is settled law that supervisory prison personnel may be held liable under § 1983 only if their own actions caused the constitutional deprivation.  See Keenan v. City of Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992). A supervisor may be held liable for the actions of subordinates only if the plaintiff can show that the supervisor:  (1) participated in violating the plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his or her subordinates' violations; or (4) tolerated past or ongoing misbehavior.  See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Friedland v. Fauver, 6 F. Supp.2d 292, 302-03 (D.N.J. 1998).

From the facts alleged in the complaint, Plaintiff's claims against defendant Camden County Board of Freeholders must be based on an impermissible theory of respondeat superior or vicarious liability.  See Polk County v. Dodson, 454 U.S. 312, 324 (1981) (stating that a § 1983 claim cannot be based on respondeat superior liability); Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) (holding that supervisory personnel are liable under § 1983 only if they have some personal role in causing the alleged harms or were responsible for some custom or practice which resulted in the violations).  Thus, the claims against the defendant freeholders

must be dismissed, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Plaintiff should note that "a defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat</u> <u>superior</u>. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). <u>Accord</u> <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995). Thus, Plaintiff may move to reopen this case by naming the defendant(s) that were personally involved in the alleged wrongs against him, and/or by alleging facts indicating that the freeholders should be held accountable under a supervisor liability theory.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice. <u>See</u> <u>Alston</u>, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable

because the deficiency may be corrected by the plaintiff without affecting the cause of action." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)).  In this case, if Plaintiff can correct the deficiencies of his complaint by naming a proper defendant(s), he may file a motion to reopen these claims in accordance with the attached Order.

                                      s/Robert B. Kugler
                                      ROBERT B. KUGLER
                                      United States District Judge

Dated: 7/22/09